PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ANDREW PAULSON (CABN 267095)
SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    andrew.paulson@usdoj.gov
    sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DARRELL WAYNE SMITH,<br><br>    Defendant. | Case No. CR 4:23-cr-00110-YGR<br><br>JOINT PRETRIAL CONFERENCE STATEMENT<br><br>Trial Date:            March 17, 2025<br>Pretrial Conference:  February 28, 2025<br>Court:                Hon. Yvonne Gonzalez Rogers |

    The parties through undersigned counsel hereby respectfully submit the following Pretrial Conference Statement pursuant to Crim. L. R. 17.1-1(b):

    **(1)    Disclosure and contemplated use of statements or reports of witnesses under the *Jencks* Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

    <u>Government's Statement</u>: The United States has disclosed and produced to Defendant statements and reports of witnesses that it intends to call at trial under the *Jencks* Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. In preparing for trial, the government is continuing to interview witnesses and to obtain and review evidence. To the extent that the government obtains or identifies new transcripts,

reports, and information, they will be processed and provided to Defendant in compliance with the government's discovery obligations. The government has requested reciprocal discovery from defense and has received no materials to date.

<u>Defendant's Statement</u>: The Defense will provide discovery as necessary and appropriate, including *Jencks* Act statements.

**(2)   Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial**

<u>Government's statement</u>: On November 6, 2024, pursuant to the Court's Order dated the same day, the government provided the defense with grand jury transcripts of any witnesses that may testify at trial.

<u>Defendant's statement</u>: To the extent that the defense will need to reference witnesses' prior testimony, the defense will sanitize the reference so as not to include any reference to the grand jury.

**(3)   Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment**

<u>Government's statement</u>: The government has made broad disclosures to the defendant and will continue to do so. While the government is not certain what the defendant may deem to be exculpatory or favorable evidence to him, it has not intentionally withheld any such material and will continue that practice. Indeed, the government has made fulsome productions of all potential *Giglio/Henthorn* material it has received.

In preparing for trial, the government is continuing to interview witnesses and to obtain and review evidence. The government recognizes its obligation to continue to provide any exculpatory or impeachment materials within its possession, custody, or control.

<u>Defendant's statement</u>: No response.

**(4)   Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses**

<u>Government's statement</u>: The government discussed with the defense certain factual and evidentiary stipulations, including certain evidentiary stipulations that would allow the government not to have to call certain witnesses. The parties anticipate filing a set of stipulations concurrently with this

filing. The government will continue to meet and confer with the defense regarding any additional stipulations.

<u>Defendant's statement</u>: The defense will continue to meet and confer with the government regarding potential stipulations.

**(5)     Appointment by the Court of interpreters under Fed. R. Crim. P. 28**

<u>Government's statement</u>: The government anticipates needing a Spanish-language interpreter for the testimony of the following witnesses: Claudia (victim referenced in Counts 10-13 in the Superseding Indictment), Manuela, and Lincy.

<u>Defendant's statement</u>: The defense does not anticipate the need for interpreters in the presentation of the defense case.

**(6)     Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations**

<u>Government's statement</u>: The government does not intend to dismiss any counts in the Superseding Indictment. The defense has not raised an alibi defense, a statute of limitations issue, or a defense of insanity. As stated above, the parties have agreed upon certain evidentiary or factual stipulations to streamline the trial presentation. The United States is unaware of any additional issues that can be eliminated prior to trial at this time.

<u>Defendant's statement</u>: No response.

**(7)     Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

There are no co-defendants charged in the Superseding Indictment.

**(8)     Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

<u>Government's statement</u>: There are no issues involving the identification of informers, the use of lineups, or any other identification evidence. The parties have reached agreement on the admissibility of the prior convictions of witnesses.

<u>Defendant's statement</u>: No response.

**(9) Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

The United States has discussed its preliminary witness list with defense counsel and will share a written copy with counsel by the filing deadline on February 21, 2025. The government respectfully reserves its right to revise and amend its list prior to and during the trial, if necessary. The government has not received a witness list from the defense.

**(10) Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

Government's statement: The government provided defense counsel with its preliminary exhibit list, as well as summary charts that it will seek to admit pursuant to Fed. R. Evid. 1006. The United States will file its exhibit list on February 21, 2025.

Defendant's statement: Defense counsel has indicated that they will rely on some of the exhibits marked by the government and may have additional exhibits for presentation. The defense will disclose all of the above as soon as it knows what will be used in its case-in-chief.

**(11) Pretrial resolution of objections to exhibits or testimony to be offered at trial**

The parties have met and conferred extensively regarding exhibits and witnesses in order to streamline the case for the jury. This has resulted in the parties reaching agreements that will be reflected in factual and evidentiary stipulations to be filed on February 21, 2025. In addition, after exchanging draft motions *in limine* and oppositions, in accordance with the Court's Pretrial Order, the parties have reached agreement regarding additional evidentiary issues and do not anticipate filing *in limine* motions prior to the pretrial conference. Should any further concerns regarding exhibits or testimony arise, the parties will raise them with the Court in a timely manner.

**(12) Preparation of trial briefs on controverted points of law likely to arise at trial**

As stated above, the parties do not anticipate filing motions *in limine* for adjudication at the pretrial conference. The government will file a trial brief outlining evidence that it anticipates introducing in its case-in-chief and related rules of evidence.

**(13) Scheduling of the trial and of witnesses**

Government's statement: The government anticipates that its case-in-chief will take no more

than 12 trial days.  Three witnesses are currently in the custody of the U.S. Bureau of Prisons and the government has been coordinating with BOP and the U.S. Marshals Service to ensure that the witnesses are transferred to this District in time for their testimony.

<u>Defendant's statement</u>: The defense knows of no scheduling issues at this time.

**(14)   Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, *voir dire* questions, exercise of peremptory and cause challenges and jury instructions.**

On February 7, 2025, the parties filed a joint list of additional questions to be added to the proposed written jury questionnaire.  The parties will file joint jury instructions and joint additional *voir dire* questions for the in-person discussion with potential jurors concurrent with this filing.

**(15)   Any other matter which may tend to promote a fair and expeditious trial**

At this time, the parties are unaware of other matters to bring before the Court that are not otherwise highlighted in the government trial brief.

Dated:  February 21, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

*/s/ Andrew Paulson*
ANDREW PAULSON
SAILAJA M. PAIDIPATY
Assistant United States Attorneys


*/s/ Naomi Chung*
NAOMI CHUNG
JOANNA SHERIDAN
Counsel for Defendant Smith