PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ANDREW PAULSON (CABN 267095)
SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    andrew.paulson@usdoj.gov
    Sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:23-cr-00110-YGR |
| Plaintiff, | PARTIES' STIPULATIONS REGARDING FACTS AND EVIDENCE |
| v. | |
| DARRELL WAYNE SMITH, | |
| Defendant. | |

**FACTUAL STIPULATIONS**

The United States and Defendant Darrell Wayne Smith, by and through their counsel of record, hereby stipulate and agree that the following facts are true and correct and may be accepted as fact by the jury:

1. <u>Factual Stipulation No. 1</u>: FCI Dublin is a low-security all-female federal correctional institution with an adjacent minimum security satellite camp. Both the prison and the camp are located in the Northern District of California.

2. <u>Factual Stipulation No. 2</u>: The defendant began working as a Correctional Counselor at FCI Dublin on February 8, 2015. On October 29, 2017, the defendant changed positions and became a

1. Correctional Officer at FCI Dublin. The defendant last reported to work at FCI Dublin on December 18, 2021. Following that, he was placed in a leave status.

2. 3. <u>Factual Stipulation No. 3</u>: In accordance with the Prison Rape Elimination Act, in 2017, 2018, 2019, and 2020, the defendant received the Bureau of Prisons' annual training titled "Sexually Abusive Behavior Prevention and Intervention Program." The defendant did not receive this training in 2021 because the Bureau of Prisons suspended all staff trainings due to the COVID-19 pandemic. In 2020 and 2021, the defendant received the Bureau of Prisons' annual training titled "Ethics/Standards of Conduct."

3. 4. <u>Factual Stipulation No. 4</u>: The defendant worked as a correctional officer at a Bureau of Prisons facility called FCC Coleman from January 27, 2003, to December 18, 2010.

4. 5. <u>Factual Stipulation No. 5</u>: FBI Digital Forensics Examiner Michael Kan analyzed an authentic forensic copy of the defendant's iPad, which was seized from the defendant's house on May 11, 2023.

5. 6. <u>Factual Stipulation No. 6</u>: FCI Dublin Warden Ray Garcia was placed on administrative leave from FCI Dublin on July 22, 2021, for sexually abusing inmates at the prison.

6. 7. <u>Factual Stipulation No. 7</u>: Charges against the defendant in this case were made public on May 12, 2023.

## EVIDENTIARY STIPULATIONS

The United States and Defendant Darrell Wayne Smith, by and through their counsel of record, hereby agree to the following stipulations regarding certain evidence:

1. The following exhibits are authentic within the meaning of Fed. R. Evid. 901: 1-283, 286, 288-289, 293-294, 297-298, and 300-321.

2. The following exhibits are admissible at trial: 1-4, 122-125, 127-130, 132, 166-171, 220, and 227.

3. Evidence related to the acts discussed in the government's December 20, 2024 Notice of Evidence Pursuant to Fed. R. Evid. 404(b) and 413, which is attached hereto as Exhibit 1, are admissible because they are inextricably intertwined with the charged offenses.

4. Evidence related to the defendant's website views and internet searches involving anal sex, feet/toes, and sleeping or unconscious women, including Exhibits 282, 283, and 286, are admissible under Federal Rule of Evidence 404(b).

5. The following chart lists the adult felony convictions and convictions for crimes of dishonesty within the last 10 years for witnesses on the government's witness list. Only the information contained in this chart may be inquired into under Federal Rules of Evidence 608 and 609.

| Witness | Date of Conviction | Offense | Classification |
|---|---|---|---|
| Shayla | February 8, 2017 | 18 U.S.C. §§ 1153 and 2 – Child Neglect in Indian Country<br><br>18 U.S.C. §§ 1153 and 3559(f)(3) – Child Abuse in Indian Country | Felony |
| Torri | February 8, 2013 | 18 U.S.C. § 1028(a)(1), (b)(1)(A) & (f) – Conspiracy to Produce False Identification Documents | Felony |
| Nicole | July 16, 2018 | 18 U.S.C. §§ 2241(a)(1) and (2) – Attempted Aggravated Sexual Assault | Felony |
| Nicole | December 19, 2018 | 18 U.S.C. § 4 – Misprision of a Felony | Felony |
| Anastasiya | January 13, 2017 | Attempted Forgery / Falsification / Alteration of Prescription for Controlled Substance | Misdemeanor |
| Anastasiya | October 27, 2017 | Second Degree Theft by Receiving Stolen Property<br><br>Second Degree Possession with Intent to Distribute a Controlled Substance | Felony |
| Anastasiya | August 24, 2018 | Third Degree Failure to Stop or Respond to Command of Police | Felony |
| Anastasiya | July 11, 2018 | 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) – Distribution of Methamphetamine | Felony |
| Yadira | June 30, 2020 | 21 U.S.C. §§ 952 and 960 – Importation of Methamphetamine<br><br>18 U.S.C. § 2 – Aiding and Abetting | Felony |

| Witness | Date of Conviction | Offense | Classification |
|---|---|---|---|
| Desire | May 7, 2019 | 18 U.S.C. §§ 113(a)(3) and 1153(a) – Assault with a Dangerous Weapon<br><br>18 U.S.C. § 924(c)(1)(A)(iii) – Possession of a Firearm in Furtherance of a Crime of Violence | Felony |
| Celia | November 17, 2016 | 21 U.S.C. §§ 841(a)(1) and 846 – Conspiracy to Distribute a Controlled Substance<br><br>21 U.S.C. §§ 846, 952, and 960 – Conspiracy to Import a Controlled Substance | Felony |
| Valarie | August 12, 2011 | 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute Heroin and Methamphetamine | Felony |
| Aron | January 5, 2016 | Forgery<br><br>Possession of Methamphetamine and Morphine Sulfate<br><br>Second Degree Taking a Vehicle Without Permission | Felony |
| Aron | October 15, 2018 | 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Methamphetamine | Felony |
| Lea | July 11, 2017 | 18 U.S.C. § 2252A(a)(1) – Transportation of Child Pornography | Felony |
| Naomi | January 26, 2016 | 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) – Possession with Intent to Distribute Methamphetamine | Felony |
| Angelina | August 21, 2014 | Cal. Pen. Code § 484e(d) – Use of Access Account Information Without Consent | Felony |
| Angelina | October 12, 2016 | Cal. Penal Code § 29800(a)(1) – Felon in Possession of a Firearm | Felony |

| Witness | Date of Conviction | Offense | Classification |
|---|---|---|---|
| Angelina | March 4, 2019 | 18 U.S.C. § 1962(d) – Racketeering Conspiracy<br><br>21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) – Conspiracy to Distribute Methamphetamine | Felony |
| Manuela | July 9, 2018 | 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Marijuana<br><br>18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime | Felony |
| Claudia | August 15, 2018 | 21 U.S.C. § 846 – Conspiracy to Distribute Cocaine | Felony |
| Lisa | January 24, 2014 | Theft | Felony |
| Lisa | October 29, 2015 | Theft<br><br>Identity Theft | Felony |
| Lisa | August 9, 2017 | 21 U.S.C. § 846 – Conspiracy to Distribute Methamphetamine | Felony |
| Cassandra | May 9, 2018 | 18 U.S.C. §§ 111(a)(1) and (b) – Assault on a Federal Officer | Felony |
| Lily | December 8, 2017 | 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(H) – Importation of Methamphetamine | Felony |
| Kristen | August 1, 2011 | 21 U.S.C. § 846 – Conspiracy to Distribute Methamphetamine | Felony |
| Fabiola | May 7, 2014 | 21 U.S.C. § 841(a)(1) – Conspiracy to Distribute Methamphetamine<br><br>21 U.S.C. §§ 841(a)(1), (b)(1)(A) – Possession with Intent to Distribute Methamphetamine | Felony |

| Witness | Date of Conviction | Offense | Classification |
|---|---|---|---|
| Lincy | May 25, 2017 | 21 U.S.C. §§ 952 and 960 – Importation of Methamphetamine | Felony |
| Karen | July 16, 2021 | 21 U.S.C. § 846 – Conspiracy to Distribute MDMA and Marijuana<br><br>18 U.S.C. § 1029(b)(2) – Conspiracy to Possess 15 or More Access Devices<br><br>18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft | Felony |
| Karen | March 29, 2023 | 18 U.S.C. § 1951(a) – Conspiracy to Commit Hobbs Act Robbery | Felony |

DATED:  February 21, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

*/s/ Andrew Paulson*
ANDREW PAULSON
SAILAJA M. PAIDIPATY
Assistant United States Attorneys


*/s/ Naomi S. Chung*
NAOMI CHUNG
JOANNA P. SHERIDAN
Attorney for the Defendant

# Exhibit 1



*United States Attorney*
*Northern District of California*

*1301 Clay Street Suite 340S*  *(510) 637-3680*
*Oakland, California 94612*  *FAX:(510) 637-3724*

December 20, 2024

<u>VIA EMAIL (chung@defender.law; joanna@jpsheridanlaw.com)</u>

Naomi Chung
Hickey & Chung
Pier 9, Suite 100
San Francisco, CA 94111

Joanna P. Sheridan
J.P. Sheridan Law
601 Montgomery Street, Suite 850
San Francisco, CA 94111

      Re:    ***United States v. Darrell Wayne Smith*, No Cr 22-0110 YGR**
                  Notice of Evidence Pursuant to Fed. R. Evid. 404(b) and 413

Dear Counsel:

      In anticipation of trial in *United States v. Darrell Wayne Smith*, the United States provides this notice pursuant to Federal Rule of Evidence 404(b) of other acts evidence it may introduce at trial and Rule 413 of evidence of uncharged sexual assaults.

      By providing this notice, the government does not concede that the only basis for admissibility of the evidence described herein is through Rules 404(b) or 413.  The government anticipates moving the Court *in limine* for a finding that at least some of this evidence is inextricably intertwined with the charged offenses.

      Further, the inclusion of a category of evidence in this letter does not constitute a concession that notice is required to use the listed evidence at trial.  The omission of a category of evidence does not constitute a determination or notice that the government does not intend to use such evidence at trial.

      Finally, the government reserves the right to supplement this notice as necessary.

Fed. R. Evid. 413 – Similar Crimes in Sexual Assault Cases

Fed. R. Evid 413 prescribes that when a defendant is accused of sexual assault, evidence of other uncharged sexual assaults may be admitted for any relevant matter. *See United States v. Porter*, 121 F.4th 747, 750 (9th Cir. 2024). The government may call the witnesses listed below, and others who witnessed some of these incidents, to testify regarding sexual assaults committed by the Defendant while the witnesses were in custody at FCI Dublin. Below is a brief summary of anticipated testimony; a more fulsome description can be found at the interview memoranda produced at the identified Bates-stamps.

1. Claudia ███ (I-REPORTS-000149; I-REPORTS-000182): In addition to the conduct charged in the Superseding Indictment, Claudia may testify that Smith touch her body, breasts, and buttocks over her clothes in the laundry room.

2. Lisa ███ (I-REPORTS-000199): In addition to the conduct charged in the Superseding Indictment, Lisa may testify that Smith entered Lisa's cell and pulled her close to him so that she could feel his erect penis against her body.

3. 

6. Lea ███ (AGENTNOTES-000137): In addition to the conduct charged in the Superseding Indictment, Lea may testify that on several occasions, Smith touched her, including grabbing the side of her thigh and her leg near her buttock. She may also testify that Smith rubbed her buttocks on multiple occasions.



8. Shayla ███ (I-REPORTS-000001; I-REPORTS-000204): In addition to the conduct charged in the Superseding Indictment, Shayla may testify that Smith touched her on other occasions, including when Smith grabbed her hand and put it on his penis

over his pants and when Smith touched her buttocks near the laundry room. Others may also testify that they witnessed Smith touch Shayla, including Celia ███ (I-REPORTS-000320) and Valerie ███ (I-REPORTS-000388), who may testify that they saw Smith touching Shayla and/or digitally penetrating her vagina in the Officer's Station.



10. Cassandra ███ (I-REPORTS-000354) – Cassandra may testify that Smith digitally penetrated her vagina on multiple occasions, touched her buttocks and/or breasts on multiple occasions, touched her hand to his penis on one occasion, and digitally penetrated her anus on one occasion. On another occasion, Smith entered her cell, asked her for oral sex and sexual intercourse, began touching himself, and showed her his penis.

11. Lincy ███ (I-REPORTS-000272; I-REPORTS-001485) – Lincy may describe several incidents where Smith entered her cell and touched her body and her vagina, including occasions where he put his hand below her undergarments, touching her vaginal area.

13. Celia ███ (I-REPORTS-000320) – Celia may describe an occasion where Smith entered her cell as she was asleep and began touching her underneath her clothing, including her breasts, between her legs, her buttocks, and her vaginal area. Celia may also testify to incidents when Smith used the remote control for the unit television as a pretense to have Celia touch him or for him to touch her. On one occasion, he placed the remote down his pants pocket and had her retrieve it with her hand. On another occasion, Smith ordered Celia to pick up a remote control that he placed on the floor between his feet. When she did so, Smith grabbed Celia's breast.

<u>Fed. R. Evid. 404(b) – Other Wrongs, Crimes, or Acts</u>

The government may elicit testimony as set forth below regarding the Defendant's conduct at FCI Dublin. This evidence is "inextricably intertwined" with the charged offenses and is therefore not subject to Rule 404(b). *See, e.g., United States v. Beckman*, 298 F.3d 788, 793–94 (9th Cir. 2002); *United States v. Bellhouse*, NDCA Case No. 4:22-cr-000666-YGR, Dkt. 126 (finding FCI Dublin guard's inappropriate comments and offer of contraband to inmates was not subject to Rule 404(b) analysis because it was part of guard's effort to "coerce or cajole inmates into sexual acts" and was therefore "inextricably intertwined" with charged offenses). Nonetheless, out of an abundance of caution, the government provides notice pursuant to Rule 404(b) that the following is also evidence of Smith's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident as it relates to the charged offenses. The government further gives notice that the conduct listed in the above

section is also admissible under Rule 404(b) for the same reasons, and that the government may elicit testimony of this conduct under both Rule 413 and Rule 404(b).

Below, the government identifies categories of testimony regarding certain types of conduct that are admissible under Rule 404(b) and identifies the witnesses who may testify regarding that conduct. More fulsome descriptions of individual statements can be found at the interview memoranda produced at the identified Bates-stamps.

A. **_Smith demanded that inmates "flash"/show him their breasts or naked bodies._** Several former FCI Dublin inmates may testify that Smith demanded that they show him their breasts or naked bodies, or looked at them while they were topless or naked. For example, some may testify that Smith locked inmates in their cells or other rooms at FCI Dublin (*e.g.*, the "hot water room") and refused to unlock the doors and let them out unless they showed him their breasts or their naked bodies. Some may testify that Smith watched inmates change clothes or dance naked. They may also testify that Smith instructed them to change clothes by, for instance, putting on boxer underwear, lingerie, or bikinis. Others may testify that Smith watched them engage in sexual acts with other inmates. The witnesses who may testify regarding these acts are:

   i. Claudia ▮▮▮▮ (I-REPORTS-000149; I-REPORTS-000182)
   ii. Lisa ▮▮▮ (I-REPORTS-000126; I-REPORTS-000199)
   iii. Manuela ▮▮▮▮ (I-REPORTS-000013)
   iv. Valerie ▮▮▮ (I-REPORTS-000388)
   ▮. ▮▮▮▮ ▮▮▮▮▮▮▮
   ▮. ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮
   vii. Shayla ▮▮▮ (I-REPORTS-000001; I-REPORTS-000204)
   viii. Anastasiya ▮▮▮ (I-REPORTS-000017)
   ▮. ▮▮▮ ▮▮▮▮▮▮▮
   x. Fabiola ▮▮▮▮ (I-REPORTS-00441)
   xi. Cassandra ▮▮ (I-REPORTS-000217; I-REPORTS-000354)
   xii. Lincy ▮▮▮▮ (I-REPORTS-000272; I-REPORTS-001485)
   ▮. ▮▮▮ ▮▮▮▮▮▮
   xiv. Celia ▮▮ (I-REPORTS-000320)

B. **_Smith inappropriately entered inmates' cells._** Several former FCI Dublin inmates may testify that Smith entered their cells while they were in the cells. Sometimes Smith entered the cells and talked with the inmates, while other times he entered the cells and touched them. The inmates who may testify to these acts are listed below. In addition to them, the government intends to admit surveillance video of Smith entering the cell of Manuela ▮▮▮▮ on October 2, 2021. *See* US-004952 and US-004954.

   i. Torri ▮▮▮ (I-REPORTS-000007)

4

    ii.    Claudia ▉▉▉▉▉ (I-REPORTS-000149; I-REPORTS-000182)
    iii.   Lisa ▉▉ (I-REPORTS-000126; I-REPORTS-000199)
    iv.   Manuela ▉▉▉▉ (I-REPORTS-000013)
    v.    Valerie ▉▉▉ (I-REPORTS-000388)
    vi.   ▉▉▉▉▉▉▉▉▉▉
    vii.  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉
    viii. Lea ▉▉ (AGENTNOTES-000137)
    ix.   ▉▉▉▉▉▉▉▉▉▉
    x.    ▉▉▉▉▉▉▉▉▉▉
    xi.   Shayla ▉▉▉ (I-REPORTS-000001; I-REPORTS-000204)
    xii.  ▉▉▉▉▉▉▉▉▉▉▉
    xiii. Fabiola ▉▉▉▉▉ (I-REPORTS-00441)
    xiv.  Cassandra ▉▉ (I-REPORTS-000217; I-REPORTS-000354)
    xv.   Lincy ▉▉▉▉▉ (I-REPORTS-000272; I-REPORTS-001485)
    xvi.  ▉▉▉▉▉▉▉▉▉▉
    xvii. Yadira ▉▉▉ (I-REPORTS-000225)
    xviii. Celia ▉▉▉ (I-REPORTS-000320)
    xix.  Nicole ▉▉▉▉▉ (I-REPORTS-000020)

C. ***Smith entered cells and sometimes touched or attempted to touch inmates while they were asleep.*** Multiple former inmates may testify that Smith entered their cells while they were sleeping. Some may testify that they awoke to Smith touching them. The inmates who may testify to these acts are listed below.

    i.    ▉▉▉▉▉▉▉▉▉▉
    ii.   ▉▉▉▉▉▉▉▉▉▉
    iii.  Lincy ▉▉▉▉▉ (I-REPORTS-000272; I-REPORTS-001485)
    iv.   Celia ▉▉▉ (I-REPORTS-000320)

D. ***Smith called inmates to the Officer's Station and made sexual comments to them, touched them, and/or attempted to touch them.*** Several former inmates may testify that Smith summoned them to the Officer's Station in their housing unit and made sexual comments to them, instructed them to engage in certain acts (*e.g.*, bending over), and/or touched them or tried to touch them. The inmates who may testify to these acts are listed below.

    i.    Torri ▉▉▉ (I-REPORTS-000007)
    ii.   Valerie ▉▉▉ (I-REPORTS-000388)



    iv.    Shayla ▮▮▮ (I-REPORTS-000001; I-REPORTS-000204)

▮▮▮

    vii.    Celia ▮▮▮ (I-REPORTS-000320)

    viii.    Nicole ▮▮▮ (I-REPORTS-000020)

E. ***Smith asked inmates to show him their feet and/or made comments about feet.*** Several former inmates may testify that Smith made comments about feet or toes, instructed women to show him their feet or toes, a▮/or stared at their feet. The inmates who may testify to these acts are listed below.

    i.    Valerie ▮▮▮ (I-REPORTS-000388)
    ii.    Shayla ▮▮▮ (I-REPORTS-000001; I-REPORTS-000204)

F. ***Smith used inappropriate and sexual language with inmates.*** Several former inmates may testify that Smith made sexual comments to them, including statements about the sex acts he wanted to perform on them or that he wanted them to perform on him. The inmates who may testify to these acts are listed below.

    i.    Claudia ▮▮▮ (I-REPORTS-000149; I-REPORTS-000182)
    ii.    Lisa ▮▮▮ (I-REPORTS-000126; I-REPORTS-000199)
    iii.    Manuela ▮▮▮ (I-REPORTS-000013)

▮▮▮

    v.    Valerie ▮▮▮ (I-REPORTS-000388)

▮▮▮

    vii.    Lea ▮▮▮ (AGENTNOTES-000137)

▮▮▮

    ix.    Shayla ▮▮▮ (I-REPORTS-000001; I-REPORTS-000204)

▮▮▮

    xi.    Anastasiya ▮▮▮ (I-REPORTS-000017)

▮▮▮

    xiii.    Fabiola ▮▮▮ (I-REPORTS-00441)

▮▮▮

    xv.    Celia ▮▮▮ (I-REPORTS-000320)
    xvi.    Nicole ▮▮▮ (I-REPORTS-000020)
    xvii.    Cassandra ▮▮▮ (I-REPORTS-000217; I-REPORTS-000354)
    xviii.    Lincy ▮▮▮ (I-REPORTS-000272; I-REPORTS-001485)

G. **<u>Smith looked at inmates while they were in the shower area.</u>** Several former inmates may testify that Smith looked at them while they were in the shower or were going to/returning from the shower. Some may also testify that he instructed them to open their bathrobes or drop their towels to show him their naked bodies, or to leave the shower curtains open so that he could watch them while they took showers. The inmates who may testify to these acts are listed below.

   i. Claudia ▅▅▅ (I-REPORTS-000182)
   ii. Valerie ▅▅▅ (I-REPORTS-000388)
   iii. ▅▅▅
   iv. ▅▅▅
   v. Anastasiya ▅▅▅ (I-REPORTS-000017)
   vi. ▅▅▅
   vii. Fabiola ▅▅▅ (I-REPORTS-00441)
   viii. Cassandra ▅▅▅ (I-REPORTS-000217; I-REPORTS-000354)
   ix. ▅▅▅
   x. Celia ▅▅▅ (I-REPORTS-000320)

H. **<u>Smith told prisoners he would stay in contact with them after they were released from prison.</u>** Several former prisoners may testify that Smith told them that he would remain in contact with them after they were released from prison, including that he would take care of them after they were released, that he would be in a relationship with them after they were released, and/or that he would support them financially after they were released. The inmates who may testify to these acts are listed below.

   i. Claudia ▅▅▅ (I-REPORTS-000149)
   ii. ▅▅▅
   iii. Lea ▅▅▅ (AGENTNOTES-000137)
   iv. ▅▅▅
   v. Shayla ▅▅▅ (I-REPORTS-000001; I-REPORTS-000204)
   vi. Anastasiya ▅▅▅ (I-REPORTS-000017)
   vii. Cassandra ▅▅▅ (I-REPORTS-000217)
   viii. Lincy ▅▅▅ (I-REPORTS-001485)
   ix. Yadira ▅▅▅ (I-REPORTS-000225)

I. **<u>Smith offered prisoners contraband.</u>** Several former prisoners may testify that Smith offered them or others contraband in exchange for sexual favors or in exchange for prisoners serving as a lookout while Smith engaged in sexual acts with other prisoners. The contraband included, among other things, food, energy drinks, cosmetics, lingerie, money, and drugs. The inmates who may testify to these acts are listed below.

    i. Claudia ▮ (I-REPORTS-000149)
    ii. Lisa ▮ (I-REPORTS-000126; I-REPORTS-000199)

    v. Shayla ▮ (I-REPORTS-000001; I-REPORTS-000204)
    viii. Celia ▮ (I-REPORTS-000320)
    ix. Nicole ▮ (I-REPORTS-000020)

J. **<u>Smith masturbated in the prison.</u>** The former inmate listed below may testify that she saw Smith masturbating while he was standing outside one of the housing units looking in through the glass windows.

    i. Celia ▮ (I-REPORTS-000320)

K. 

Very truly yours,

ISMAIL J. RAMSEY
United States Attorney

/s/

ANDREW PAULSON
SAILAJA M. PAIDIPATY
Assistant United States Attorneys